E. Lee Schlender, ISBN 1171
2700 Holly Lynn Drive
Mountain Home, ID 83647
T:(208) 587-1999
F:(208) 587-3535
E:leeschlender@gmail.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| P.R., a minor and S.R. MOTHER AND NATURAL GUARDIAN .<br><br>Plaintiffs<br><br>v.<br><br>SHOSHONE SCHOOL DISTRICT NO. 321; K.C. PRINCIPAL/ SUPERINTENDENT; R.W. ; DOE DEFENDANTS 1-8;<br><br>Defendants. | Case No. 1-17-CV-521- CWD<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**PUBLIC NOT SEALED**<br><br>**ANONYMOUSLY DENOMINATED PARTIES** |

### SUMMARY OF THIS ACTION

This case arises from Defendants' deliberate indifferent response to a student-on-student rape on school premises followed by a form of retaliation and illegal response including; failure to appropriately investigate and respond to the rape of P.R. by a fellow student of the Shoshone School District namely, L.V.; subjecting plaintiff to a hostile environment and sexual discrimination that denied her an education in the District and causing personal injury and damages.

This is a Civil Rights Action invoking the remedies and protections of Title IX of the United States Statutes, denial of equal protection of the law and denial of equal treatment as per Title IV of the Civil Rights Act of 1964 codified at 14 USC§1983 and protection of the law provided by the Fourteenth Amendment to the U.S. Constitution.

## PRELIMINARY STATEMENT DESCRIBING THE PARTIES

1. Plaintiff P.R. is a minor age fourteen who was born in Twin Falls, Idaho, and is presently a resident and citizen of Gooding Idaho, attending high school within the Gooding School District.

2. Defendant, Shoshone School District (hereinafter District) is a duly constituted public school district and a state of Idaho body corporate and political subdivision of the State organized and operating under the laws of the State of Idaho and subject to the Federal Statutes and U.S. Constitution. The District is a "person" under the laws and the Constitution of the United States of America. K.C. was and is at all times relevant the Superintendent/Principal and employee of Shoshone Middle School as well as an instructor/teacher residing in the County of Lincoln, City of Shoshone; State of Idaho; R.W. at all times relevant was an employee of the district and the Title 1X administrator for the District.

3. The school district is governed by a board of trustees which has policy-making authority for the district including the right to equal opportunity, anti-harassment, and sexual assault. The School Board has the clear duty to promulgate policies, rules and regulations and take preventative and corrective action to prevent any type of discrimination, harassment, mental abuse and physical abuse of and by students within its component schools; it acts by and through those district employees responsible for administration of policies.

4. Defendant, K.C. the Principal/ Superintendent, in her official and individual capacity, works within the County of Lincoln, State of Idaho.

5. During all material times, K.C. the Principal/Superintendent was an agent and/or employee and R.W. was an employee of Defendant School District, acting or failing

to act within the scope, course and authority of their employer.

6. Doe Defendants 1 – 8 are individuals whose true and correct identities are not yet known to the Plaintiff; leave will be sought from the Court to amend this complaint once and if additional facts are known.

7. On or about the month of April 2017, specifically April 23 thru 26, 2017, Defendants were aware of P.R. being subjected to a sexual assault and rape by an older student, L.V. which occurred in a computer laboratory room in the school building owned and operated by the District. Proper investigation, remedial action and reporting did not occur.

8. Plaintiff was a female and a minor age thirteen (13) on April 24, 2017.

9. Plaintiff was a resident of the County of Lincoln, State of Idaho, and is now residing in the County of Gooding, State of Idaho.

10. At the time of events stated herein, Plaintiff was a student attending the middle school/high school, within the District.

11. The Defendant, District, is a public educational institution of the State of Idaho.

12. At all material times K.C. was a Principal/Superintendent and in her official and individual capacity was employed by the District; a political subdivision of the State of Idaho.

13. During all material times, the Superintendent was an agent and/or employee of the District and acting or failing to act within the scope, course and authority of her employment and duties.

14. At all material times, S. R. was the natural mother of P.R. and in April of 2017, was a resident of Shoshone, State of Idaho.

15. At all material times, (R.W.) was the Title IX Coordinator and in his official and individual capacity, was employed by the District.

16. At all material times, R.W. the Title IX Coordinator was an agent of the Defendants, District and herein alleged to be acting or failing to act within the scope, course and authority of his employment and duties.

17. At all material times, Plaintiff's attacker, L.V. was a student attending classes within the same physical plant and building located in Shoshone, Idaho.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

20. Plaintiff brings this action to redress a hostile educational environment with redress provided by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) and case law.

21. This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 and the Civil Rights Acts of the United States including retaliation; 20 U.S.C. 1681.

22. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b); Defendants reside in this designated United States District for its courts and the events giving rise to the claims occurred in this District.

## APPLICABLE LAW AND POLICY

23. All claims regarding liability and damages are codified law and applicable to all citizens and residents of the state including Plaintiff. Relevant statutes of the United States include the following:

    a. §1981 of the Civil Rights Act of 1866 and 1871; 42 U.S.C. §1981 and Title VI of the Civil Rights Act of 1964 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 200E-2(a); 43 U.S.C. Sec.1983

b. All applicable provisions of the Civil Rights Acts of the United States of America, including those as stated in §1983 of the 1871 Civil Rights Act; 14th Amendment of the United States Constitution for deprivation of property and life without due process of law. Under Idaho Statutes, Title 33, Chapter 5, District Trustees 33-513. PROFESSIONAL PERSONNEL (2) and (3) District Trustees have the authority to employee a Superintendent who "shall also act as the authorized representative of the district" and principals "who shall supervise the operation and management of the school in accordance with the policies established by the board of trustees and who shall be under the supervision of the superintendent." Kelly Chapman was that designated person.

d. Title IX of the Education Amendments of the 1972 (Title IX, 20 U.S.C. §1681 et seq.)

e. Each and every law, codes or statutes of the State of Idaho and/or the United States of America relevant which is regarded as a Civil Rights law even if not specifically cited herein.

## CASE LAW AND STATUTORY HISTORY RELEVANT TO ALL CAUSES OF ACTION

24. Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . .

25. Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. Part 106.

26. 34 C.F.R. § 106.8(b) provides:

> . . . A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part.

27. In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1988), the United States Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to known acts of sexual assault.

28. In *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999), the United States Supreme Court extended the private damages action recognized in *Gebser* to cases where the harasser is a student, rather than a teacher.

29. *Davis* holds that a complainant may prevail in a private Title IX damages action against a school district in cases of student-on-student harassment where the funding recipient is:

   a. deliberately indifferent to sexual harassment of which the recipient has actual knowledge, and
   b. the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school.

*Davis*, 526 U.S. at 1669–76.

30. The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

31. The District's Board of Trustees adopted anti-bullying, anti-discrimination and anti-harassment policies including those prohibiting sexual attacks and predation by students upon one another with corrective and punitive action to be taken against offenders.

## COMMON ALLEGATIONS

32. At all material times, the District was receiving federal funding, as provided by Title IX, 20 U.S.C. § 1681, *et seq*.

33. The District implemented and executed policies and customs in regard to the events that resulted in the deprivation of Plaintiff's constitutional, statutory, and common-law rights.

34. The District is responsible for ensuring that all its employees are properly trained and supervised to perform their jobs.

35. The District is responsible for the acts and omissions of its employees. The District acts and governs through its administrative personnel who are delegated authority

to enforce all policies and statutory law and "stand in place" therefore, for the District.

36. At the time of the attack that gave rise to the events complained of herein, P.R. was a thirteen (13) year old female at Shoshone Middle School.

37. At the time of the attack that gave rise to this action, student L.V. was in his junior year and was a prominent athlete at the school.

38. On April 24 and 25 2017, L.V. violently without her consent, forcibly had sexual intercourse with P.R in an unlocked lab-computer room located in Shoshone High School which was unsupervised and could be locked from the inside, requiring a key for entry. The room was unlighted and the door locked automatically after entry.

39. The school had in place a surveillance and videotaping system monitoring hallways and classrooms including the computer lab. The videotaping equipment recorded the rape of P.R. as well as various other actions including P.R. and L.V. carefully walking past the offices of the Principal/Superintendent, closely together and alone while all other students were in classrooms. Details of the videotaping; those responsible for it and all means of using the equipment are yet unknown but subject to discovery.

40. On or about April 24 and/or 25, 2017, on one day of a rapes Principal/Superintendent K.C. with her keys, unlocked the door to the computer lab room and found L.V. AND P.R. therein. L.V. stated that they were watching a laptop movie. K.C. performed no investigation or questioning, other than directing that they leave the room.

41. On or about April 26, 2017, a videotape of the rape and assault was viewed by employees of the school district, including but not limited to K.C. K.C. notified PR'S mother, as well as the Lincoln County Sheriff's Office who came to the school to commence an investigation. S.R. was informed of the rape and assault. K.C. AND R.W. were aware of the school policies and various specific laws and remedies of the State of Idaho and of the United States applicable to the brutal rape and assault of P.R. and what action needed to be immediately undertaken.

42. On or about April 26, 2017, Lincoln County officer Greene was assigned to the case, which was determined to be lewd and lascivious conduct by a seventeen (17) year old male L.V. with a thirteen (13) year old female that occurred at the Shoshone High School on April 24 and April 25, 2017. He reported that Principal/Superintendent K.C. had

reported these incidents after finding the juveniles together and reviewing the videos from the surveillance cameras. The female was identified by the officers as P.R. with a birth date of August 5, 2003, and L.V. identified as a seventeen (17) year old male residing in Shoshone, Idaho. Lincoln County officers during their investigation, determined that on April 24, 2017, sexual intercourse had occurred in the high school computer lab and that it also occurred on April 25 and thereafter, in 2017 in the same place as confirmed by the surveillance cameras.

43. As part of the investigation the Shoshone Sheriff's office took possession of cell phones and lap tops used by P.R. AND L.V. L.V. was placed into custody and transported to the Snake River Detention Center.

44. Following an investigation by the Sheriff's office L.V. was charged as a juvenile and thereafter plead guilty on or about November 17, 2017, to multiple charges of lewd conduct with a child under 16; felonies as per I.C. §118-1508.

45. On information and belief, L.V. was not incarcerated other than a short period of home detention.

46. R.W. the District's Title IX coordinator was told of the attack; it is unknown if he conducted his own investigation or made any reports; this complaint will be amended from time to time as necessary following discovery.

47. At all times relevant, Shoshone School District had in place hazing, harassment, domestic violence and sexual harassment policies, including but not limited to those identified as code JBA/GBN; JBA/GBN-AR(1); JFCF-AR; and JHFF. These policies state investigative, notification and reporting requirements for Shoshone School District the Principal K.C. and the Title IX Coordinator R.W. Pending discovery the full extent is unknown of what investigation, reporting or other actions were taken by the principal and/or the Title IX coordinator, other than cooperating with the Lincoln County Sheriff's Office and the Lincoln County Prosecutor.

48. From and after the sexual assault P.R. was harassed and frightened. Following the investigation in April of 2017, Defendants allowed the attacker L.V. to continue to attend Shoshone High School with a one day suspension from classroom activity. Unknown at that time was that L.V .s father was and is a part-time soccer coach for the Shoshone School District. The family of L.V. had resided for over three decades in

the Shoshone area and had cultivated professional and personal relationships with school faculty, trustees and administrative personnel.

49. Within ten (10) days following the rape and subsequent investigation, K.C. held a meeting with P.R. and her mother S.R. and presented P.R. with two options for continuing with her schooling; namely, (1) terminating and quitting her education at all Shoshone District institutions with no further remedial action of any kind or; (2) being "home schooled" with no actual attendance at any Shoshone school. The school would provide P.R. with homework assignments on a weekly basis. Frantic to have P.R. receive an education, she and her mother made the decision to take option #2 and to be home schooled by the presentment of 'lessons'. That option and the providing of 'lessons' occurred once and never again. The lessons were to be provided on a weekly basis; despite the efforts of P.R. and her mother to obtain further assignments after the first week none were furnished.

50. Now desperate to continue her education P.R. her brother and mother although destitute, were forced to leave their home in Shoshone and relocate in Gooding, Idaho, for the purpose of continuing the education of the two teenagers. The Defendant District, and its employees did nothing to remedy or mediate the severe damages suffered.

51. The Defendant District, as per the acts of its employees, deliberately and negligently exposed Plaintiff to a known and obvious danger. That is, mental and physical damage abuse and sexual discrimination all under color of state and federal law.

52. By reason of Defendants acting under color of law depriving Plaintiff of the rights, privileges and immunities secured by the Equal Protection Clause of the 14th Amendment of the United States Constitution and 42 U.S.C §1984 and enforcement of violations under 28 U.S.C. §2201-2202 Plaintiff; seeks a declaration of her federal civil rights; in the form of a final judgment that her civil rights have been violated rather than a declaratory statement of judgment in addition to all damage claims herein stated.

53. Plaintiff P.R. suffered severe physical and mental distress, physiological damage, loss of standing in their community and damage to her reputation. Plaintiff and her mother S.R. have been required to attend counseling and receive treatment for physiological damage and emotional distress with psychotropic medication as a result of the actions complained of herein. Plaintiff and her mother and brother are destitute; have

turned to charity for help with rent and food and other necessities of living.

54. P.R. has been deprived of a normal childhood education in Shoshone due to the Defendants' conduct which includes intentional deprivation of a continual education environment.

55. Plaintiffs have been damaged both temporarily and permanently and suffered mental and bodily injuries and damages by reason of the actions and failure to act of the Shoshone School District by its agents and employees K.C. AND R.W.

## CLAIMS FOR RELIEF

56. Plaintiffs requests Claims for Relief for violation for the laws, codes and regulations of the State of Idaho and the United States, including those provided by Constitutions, all as stated herein and also referenced as "Causes of Action". All causes of action are based upon all State and Federal Laws, Constitutions, Statutes and Regulations applicable regardless of proper denomination.

## COUNT I
## VIOLATION OF TITLE IX
## AS TO DEFENDANT SHOSHONE SCHOOL DISTRICT
## (20 U.S.C. § 1681, *et seq.*)

**(The School's Deliberate Indifference to Alleged Sexual Harassment and Attack)**

57. Paragraphs 1 through 56 are incorporated by reference as if stated in full herein.

58. The sex-based harassment articulated in the Plaintiffs' General Allegations was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school.

59. The Defendant District subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because:

    a. Plaintiff was a member of a protected class;

    b. she was subjected to sexual harassment in the form of a sexual assault by another student;

c. she was subjected to a hostile educational environment created by the School District's lack of policies and procedures and failure to properly investigate and/or address the rape and discipline the offender rather than the victim.

d. she was forced to leave school and move to another educational facility in another city and leaving the attacking offender who was charged and who plead guilty to major felonies in the school, with impunity.

60. Defendant District and its officials had actual knowledge of the sexual assault and the resulting harassment of Plaintiff created by its failure to investigate and discipline Plaintiff's attacker in a timely manner and consistent with its own policy and federal and state law.

61. The Defendant District's failure to promptly and appropriately respond to the alleged sexual harassment, resulted in Plaintiff, on the basis of her sex, being excluded from participation in, being denied the benefits of and being subjected to discrimination in the District's education program in violation of Title IX.

62. Defendant District failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and instead acted with deliberate indifference toward Plaintiff.

63. Defendant District persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

64. Defendant District engaged in a pattern and practice of behavior designed to discourage and dissuade students and parents of students who had been sexually assaulted from seeking prosecution and protection and from seeking to have sexual assaults from being fully investigated.

65. This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students.

66. Plaintiffs have suffered emotional distress and psychological damage, and their character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant District's deliberate indifference to their rights under Title IX.

## COUNT II
## VIOLATION OF TITLE IX
## AS TO DEFENDANT, SHOSHONE SCHOOL DISTRICT

(20 U.S.C. § 1681, *et seq.*)

**(Retaliation by Withholding Protections Otherwise Conferred by Title IX)**

67. Paragraphs 1 through 66 are incorporated by reference as if stated in full herein.

68. The Defendant herein retaliated against the Plaintiff by insisting that she not be allowed to attend the normal schooling process at the Shoshone School District and otherwise failing to comply with their responsibilities as mandated by Title IX. Forcing her to quit school after such a hideous rape and attack was unconscionable.

## COUNT III
## 1983 VIOLATION AS TO
## DEFENDANTS SHOSHONE SCHOOL DISTRICT,
## CHAPMAN AND WAITE
## (42 U.S.C. § 1983)

69. Paragraphs 1 through 68 are hereby incorporated by reference as if set forth in full herein.

70. Under the Fourteenth Amendment, Plaintiff had the right as a public school student to personal security and bodily integrity and Equal Protection of Laws.

71. K.C. AND R.W. were acting under the color of federal and state law.

72. Plaintiff P.R. has had significant violations of her right to personal security and bodily integrity and Equal Protection of Laws by K.C. AND R.W. and others in failing to appropriately discipline her attacker and being deliberately indifferent to her health, safety and welfare thereafter failing to adequately train and supervise School District employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity, and Equal Protection of the Laws.

73. These Defendants are and were at all times complained herein, the policy makers for the purpose of implementing the School Districts' policies regarding sexual assault, discrimination and harassment.

74. P.R. has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant, District's deliberate indifference to her rights

under the Fourteenth Amendment.

## COUNT IV
## SHOSHONE SCHOOL DISTRICT LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE AS TO RESPONSE TO SEXUAL ASSAULT
## (42 U.S.C. § 1983)

75. Paragraphs 1 through 74 are hereby incorporated by reference as if set forth in full herein.

76. Defendant District and K.C. AS WELL AS R.W. , were "state actors" working for Shoshone School District, a federally funded school system.

77. Defendant District and K.C. AS WELL AS R.W. acted under "color of law" when refusing to respond to Plaintiff's sexual assault on school premises.

78. Defendant District and K.C. AS WELL AS R.W. failed to preserve Plaintiff's constitutional right to equal protection as guaranteed by the Fourteenth Amendment.

79. Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an educational environment free from harassment and discrimination.

80. Defendant District and K.C. AS WELL AS R.W. should have known that their response to sexual assault allegations must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

81. Defendant District ; K.C. AS WELL AS R.W. each violated Plaintiff's right to equal access by:

    a. Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sexual violence;

    b. Failing to take prompt and effective steps to end the sexual violence, prevent its recurrence, and address its effects, whether or not the sexual violence is the subject of a criminal investigation;

    c. Failing to take steps to protect the Plaintiff as necessary, including interim steps taken prior to the final outcome of the investigation;

    d. Failing to follow the grievance procedure for students to file complaints of sexual discrimination, including complaints of sexual violence. The

procedures must include an equal opportunity for both parties to present witnesses and other evidence and the same appeal rights;

## COUNT V
## NEGLIGENT AND INDIFFERENCE SUPERVISION

82. Paragraphs 1 through 81 are hereby incorporated by reference as if set forth in full herein.

83. The Defendants individually collectively and in their individual capacities, had a duty to supervise the staff and students of the District in a manner intended and designed to protect the Plaintiff from racial harassment, racial discrimination and mental and physical abuse by her fellow students.

84. The District, K.C. AS WELL AS R.W. in their individual and representative capacities negligently failed to protect the Plaintiff from racial harassment, racial discrimination and mental and physical abuse by her fellow students on school property and during school activities, on and off campus, sponsored or sanctioned by the District.

85. As a result of the negligence and deliberate indifference of the Defendants herein the Plaintiff has suffered damages in an amount to be proved at trial.

## COUNT VI
## NEGLIGENT FAILURE TO TRAIN

86. Paragraphs 1 through 85 are hereby incorporated by reference as if set forth in full herein.

87. Defendant District, its Trustees and administrators, had a clear duty to train school faculty and staff to recognize bullying behavior and take appropriate and effective steps to protect students from such behavior, including mental and physical abuse of vulnerable students by their fellow students.

88. Defendant District, its Trustees and administrators negligently failed to train its faculty and staff and thereby breached its duty to the Plaintiff.

89. As a result of the negligence and deliberate indifference of the District, its Trustees and administrators the Plaintiff has suffered damages in an amount to be proved at trial.

## COUNT VII
## NEGLIGENT FAILURE TO INFORM AND EDUCATE

90. Paragraphs 1 through 89 are hereby incorporated by reference as if set forth in full herein.

91. The District, its Trustees and administrators had an affirmative duty to set policies and inform and educate its students as to what constituted bullying and that such behavior would not be tolerated on school property or during school activities on or off campus.

92. The District, its Trustees and administrators negligently and with deliberate indifference failed to meet the duties set forth in paragraph 91 above and thereby breached such duty to the Plaintiff.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93. Paragraphs 1 through 92 are hereby incorporated by reference as if set forth in full herein.

94. The conduct of the Defendants in permitting the harassment, humiliation, mental abuse, physical abuse and rape of the Plaintiff was extreme and outrageous.

95. As a direct and proximate result of the extreme and outrageous conduct of the Defendants, the Plaintiff has suffered severe emotional distress.

## COUNT IX
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

96. Paragraphs 1 through 95 are hereby incorporated by reference as if set forth in full herein.

97. The Defendants herein, individually, collectively and in their individual and collective capacities, all owed to the Plaintiff a duty to protect her and keep her safe from racial harassment, humiliation and abuse both mental and physical.

98. The conduct of the Defendants in permitting the harassment, humiliation, mental abuse, physical abuse and rape of the Plaintiff was extreme and outrageous and done with deliberate indifference.

99. As a direct and proximate result of the extreme and outrageous conduct of the Defendants, the Plaintiff has suffered severe emotional distress.

# PRAYER FOR RELIEF

Plaintiffs respectfully requests that the Court enter a judgment in their favor against the Defendants, jointly and individually and award the following relief:

1. Money damages in an amount calculated to fairly and reasonably compensate the Plaintiffs for the deprivation of their rights, including compensatory damages, special economic damages; consequential and presumed damages by reason of all discriminatory acts including but not limited to racial discrimination and all other violations of those statutes, laws and regulations as cited herein; mental and physical assault and abuse, including rape; and damages for civil rights violations in the sum of not less than five million dollars.

2. Declaration that the Defendants violated the Plaintiff's constitutional rights under the Idaho Constitution and the Constitution of the United States.

3. Plaintiffs reserves the right to further amend this complaint regardless of the time limitations of the Scheduling and Litigation Plan herein to add an additional claim; Punitive Damages.

4. Any and all other appropriate relief, including injunctive or declaratory relief.

5. Attorneys' fees, costs, pre and post judgment interest at the highest lawful rate.

6. Any and all other relief with respect to damages, violations of law, and violations of the Constitutions of Idaho and the United States of America as the court deems just in the premises.

7. Plaintiff reserves the right to amend this complaint as necessary.

8.

The Plaintiff herein demands a jury trial on all issues triable to a jury.

DATED this 2 day of December, 2017.

E. Lee Schlender Attorney for Plaintiffs