JAMES G. REID, ISB #1372
JENNIFER REID MAHONEY, ISB #5207
KAUFMAN REID, PLLC
1211 W. Myrtle St., Suite 350
Boise, Idaho  83702
Telephone:  (208) 342-4591
Facsimile:   (208) 342-4657
Email:  jreid@krlawboise.com
           jmahoney@krlawboise.com

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| P.R., a minor by her natural parent and guardian, S.R.,<br><br>Plaintiff,<br><br>v.<br><br>SHOSHONE SCHOOL DISTRICT NO. 321, a public entity of the State of Idaho,<br><br>Defendant. | Case No. 1:17-CV-00521-CWD<br><br>**DEFENDANT'S TRIAL BRIEF** |

COMES NOW Defendant, by and through its attorneys of record, Kaufman Reid, PLLC, and submits the following Trial Brief.

### I. DEFENDANT'S STATEMENT OF LAW AND ISSUES FOR TRIAL

As this Court is aware from prior briefing on summary judgment, the instant action involves a claim by Plaintiff that Defendant improperly investigated and responded to sexual contact at school between Plaintiff P.R. and an older student, upon learning of the sexual contact. Plaintiffs claim that Defendant's failure to investigate and discipline the older student led to her

DEFENDANT'S TRIAL BRIEF - 1

being deprived of an education at Shoshone Middle/High School, in violation of her Federal Civil Rights.

After the Court's ruling on Defendant's motion for summary judgment, there remain only the Title IX claims in Counts 1 and 2 against the school district for trial. The parties have stipulated to the dismissal of S.R., Plaintiff's mother, in her individual capacity, and to the dismissal of Kelly Chapman and Rob Waite. Thus, for trial the parties are P.R. v. Shoshone School District.

### A. LIABILITY AND DEFENSES

Generally, the United States Supreme Court has set a high bar for plaintiffs seeking to hold schools and school officials liable for student-on-student harassment, stating that this liability is even more limited than that available for teacher-on-student misconduct, and therefore prohibits liability under theories of *respondeat superior* and constructive knowledge. *Davis v. Monroe County Bd. Of Ed.*, 526 U.S. 629, 643, 652 (1999) (following *Gebser v. Lago Vista*, 524 U.S. 274 (1998) and explaining: "[w]e trust that the dissent's characterization of our opinion will not mislead courts to impose more sweeping liability than we read Title IX to require"); *Gebser*, 524 U.S. at 285-286 (*respondeat superior* is not available under Title IX). As a result, school officials are given broad latitude to resolve peer harassment and are liable only in "certain limited circumstances." *Davis*, 526 U.S. at 643. Under *Davis*, a plaintiff bringing a claim of peer harassment under Title IX must prove the following *prima facie* elements by a preponderance of the evidence:

1. That the school district exercised control over both the harasser and the victim. *Id.* at 644.

DEFENDANT'S TRIAL BRIEF - 2

2. That the "harassment" was "discriminatory," *i.e.*, the harassment was "so severe, pervasive, and objectively offensive that it can be said to [have] deprive[d] the victim [] of access to the educational opportunities or benefits provided by the school." *Id.* at 650.

3. That the "school district" had "actual knowledge" of the discriminatory "harassment." *Id.* (explaining that 'funding recipients are properly held liable in damages only where they are deliberately indifferent to sexual harassment, of which they have actual knowledge…"). To find liability, the U.S. Supreme Court has explained there must be proof that at a minimum a "*school administrator*" possessed actual knowledge of the "harassment" and responded with "deliberate indifference." *Fitzgerald*, 555 U.S. at 257. Both the *Gebser* and *Davis* Courts found potential application of Title IX where it had been alleged that reports of misconduct had been made to a school principal. *Davis*, 526 U.S. at 653-654; *Gebser*, 524 U.S. at 291-292.

4. Finally, the plaintiff must prove that the school district was "deliberately indifferent" to reports of discriminatory harassment. *Davis*, 526 U.S. at 648. In response to fears that school districts would be found liable unless they purge their districts of actionable peer harassment, the Court attempted to assuage such concerns stating that liability will not attach unless the "funding… recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Id*. The Court explained that the "deliberate indifference" standard is not a "mere" reasonableness standard. *Id*. at 649. Rather, it is an "exacting standard" that requires a showing of a response that was more deficient than merely "negligent, lazy or careless." *Karasek v. Regents of the Univ. of Cal.*, 2016 U.S. Dist. LEXIS 98949, *32, 2016 WL 4036104 (N.D. Cal. 2016) (quoting *Lopez v. Regents of Univ. of Cal.*, 5 F.

DEFENDANT'S TRIAL BRIEF - 3

Supp.3d 2206, 2233 (N.D. Cal 2013); and *Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006)).

In a peer on peer harassment case, the plaintiff must establish sexual harassment that is so severe, pervasive, and objectively offensive, and that so undermines and detracts from her educational experience, that the she was effectively denied equal access to an institution's resources and opportunities. See *P.R. v. Shoshone Sch. Dist. No. 321*, 2018 U.S. Dist. LEXIS 216556, *23-24, 2018 WL 6729634 (quoting *Davis v. Monroe County Bd. Of Educ.,* 526 U.S. 629, 649, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999).

It is clear that individual liability against employees or administrators is not available under Title IX as all plaintiff claims seeking money damages as compensation for injuries caused by intentional, institutional discrimination are only available against the funding recipient. *Davis*, 526 U.S. at 640. Thus, the parties have stipulated to the dismissal of the individual defendants, Kelly Chapman and Rob Waite.

Very recently, the Sixth Circuit Court of Appeals summarized the state of the law regarding Title IX claims against school districts for peer on peer harassment as follows:

> The deliberate indifference standard set forth in *Davis* sets a high bar for plaintiffs to recover under Title IX. *Doe v. Galster*, 768 F.3d 611, 619 (7th Cir. 2014). It requires only that school administrators respond to known peer harassment in a manner that is not "clearly unreasonable in light of the known circumstances." *Davis*, v. 526 U.S. at 648. This standard is not a "mere 'reasonableness' standard," and "there is no reason why courts . . . [can]not identify a response as not 'clearly unreasonable' as a matter of law." *Id.* at 649. The Supreme Court emphasized in *Davis* that federal funding recipients need not "purg[e] their schools of actionable peer harassment" or "engage in particular disciplinary action" to avoid Title IX liability. *Id.* at 648; *Vance*, 231 F.3d at 260. **Title IX does not give victims a right to "make particular remedial demands."** *Davis*, 526 U.S. at 648; *Vance*, 231 F.3d at 260. **Moreover, courts should avoid second-guessing**

DEFENDANT'S TRIAL BRIEF - 4

> **school administrators' disciplinary decisions.** *Davis*, 526 U.S. at 648; *Vance*, 231 F.3d at 260.

*Stiles v. Grainger Cnty.*, 819 F.3d 834, 848 (6th Cir. 2016) (emphasis added) (quoting *Davis v. Monroe County Bd. Of Educ.*, 526 U.S. 629 (1999); *Vance v. Spencer County Sch. Dist*. 231 F.3d 253 (6th Cir. 2000)).

In this case, the Defendant will demonstrate that the response of the school administrators upon finding out about the peer on peer sexual contact was not "clearly unreasonable in light of the known circumstances." The School District will argue that the Plaintiff did not have the right to make particular demands about that punishment of the older boy and that the jury should not be permitted to "second guess the school administrators' disciplinary actions." The District will present evidence that it properly notified law enforcement, conducted an investigation, punished the older student and provided a safe environment for Plaintiff to return to school while giving her the compassion and time to make decisions with her family and counselor about returning to school.

### B. DAMAGES

Because the damages allowed under these statutes are only "compensatory," punitive damages are not available under Title IX. *Barnes v. Gorman*, 536 U.S. 181, 187-189 (2002). Plaintiff has indicated in her motion in limine that she will not be offering any evidence of special damages. Accordingly, the only damages sought in this case are for emotional distress associated with the actions of the School District. There will be issues regarding damages as to what damages, if any, are the result of the alleged actions of the School District and its response to discovering the sexual activity between Plaintiff and the older student, and what damages were the result of the sexual harassment itself, and are not attributable to the School District.

DEFENDANT'S TRIAL BRIEF - 5

There are no allegations in this case that the District knew or should have known of the sexual harassment, or that its policies or procedures failed to stop the sexual harassment or that it was responsible for the conduct which occurred on April 24 and 25, 2017. Rather, Plaintiff's claims against the school district stem from its response *after* it learned of the sexual harassment on April 25, 2017. Most if not all of Plaintiff's emotional distress stems from the sexual assault itself. It is not clear that Plaintiff suffered any emotional distress as a result of the alleged actions of the School District.

### C. EVIDENTIARY ISSUES

The evidentiary issues for trial have been briefed in connection with the pending motions in limine. To the extent additional issues arise as Exhibits and Witness Lists are finalized, Defendant will bring those issues to the Court as soon as practicable.

### D. SETTLEMENT

Plaintiff and Defendant participated in an ADR conference with Judge Williams which was unsuccessful. After the Court's ruling on the motions for summary judgment, additional settlement discussions occurred but were not fruitful. Defendant recently made an offer of judgment in the amount of $40,000.00, which was denied with no counteroffer.

## II. CONCLUSION

The parties met on March 15, 2019, and worked out a number of stipulations with respect to exhibits and have discussed witnesses. The parties will continue to work together regarding proposed jury instructions and other issues for trial in an attempt to make the issues of law and fact as narrow as possible.

DATED this 1st day of April, 2019.

/s/ James G. Reid
James G. Reid

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 1st day of April, 2019, I electronically filed the foregoing document with the U.S. District Court. Notice will automatically be electronically mailed to the following individual who is registered with the U.S. District Court CM/ECF System:

E. Lee Schlender, ISB #1171
2700 Holly Lynn Drive
Mountain Home, ID  83647
*leeschender@gmail.com*

                                                  /s/ James G. Reid
                                                  James G. Reid