JAMES G. REID, ISB #1372
JENNIFER REID MAHONEY, ISB #5207
KAUFMAN REID, PLLC
1211 W. Myrtle St., Suite 350
Boise, Idaho 83702
Telephone: (208) 342-4591
Facsimile: (208) 342-4657
Email: jreid@krlawboise.com
       jmahoney@krlawboise.com

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| P.R., a minor by her natural parent and guardian, S.R., | Case No. 1:17-CV-00521-CWD |
| Plaintiff, | |
| v. | **DEFENDANT'S AMENDED PROPOSED JURY INSTRUCTIONS** |
| SHOSHONE SCHOOL DISTRICT NO. 321, a public entity of the State of Idaho, | |
| Defendant. | |

COMES NOW Defendant, by and through its attorneys of record, Kaufman Reid, PLLC, and pursuant to the jury instructions conference with the court, submits the following proposed amended instructions, to be considered in addition to those instructions previously submitted.

Defendant reserves the right to submit any proposed supplemental instructions, consistent with the issues arising, or evidence presented, at trial.

DATED this 15th day of April, 2019.

                                            /s/ James G. Reid
                                            James G. Reid

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of April, 2019, I electronically filed the foregoing document with the U.S. District Court. Notice will automatically be electronically mailed to the following individual who is registered with the U.S. District Court CM/ECF System:

E. Lee Schlender, ISB #1171
2700 Holly Lynn Drive
Mountain Home, ID 83647
*leeschlender@gmail.com*

                                          /s/ James G. Reid
                                          James G. Reid

DEFENDANT'S PROPOSED JURY INSTRUCTIONS - 2

## DEFENDANT'S AMENDED PROPOSED
## INSTRUCTION NO. 22

In order for a school district to be liable under Title IX for its response to student to student sexual harassment, there are four requirements which must be proven:

First, the school must exercise substantial control over both the harasser and the context in which the known harassment occurs.

Second, the sexual harassment must be so severe, pervasive, and objectively offensive, that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school.

Third, the school must have had actual knowledge of the harassment.

Fourth, the school district is liable only if its deliberate indifference subjects its students to harassment. That is, the deliberate indifference must, at a minimum, cause students to undergo harassment or make them liable or vulnerable to it.

A plaintiff must establish sexual harassment of a student that is so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that the victim student is effectively denied equal access to an institution's resources and opportunities.

Both parties agree that the school officials had control over both the harasser and the target, that the sexual assault was sufficiently severe and offensive, and that school officials had actual knowledge of the serious sexual assault that occurred on campus, but only after the fact.

Plaintiff does not claim that the school district should have protected her from the serious sexual acts that occurred at the school. Rather her claim is that the school district responded with deliberate indifference thereafter and, in so doing, denied her access to the educational opportunities or benefits provided by the school which Title IX is designed to protect.

*P.R. v. Shoshone Sch. Dist. No. 321*, 2018 U.S. Dist. LEXIS 216556, *23-24, 2018 WL 6729634 (quoting *Davis v. Monroe County Bd. Of Educ.*, 526 U.S. 629, 649, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999) (quotation marks removed)).